UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Miguel Enrique Casillas,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Regina Mitchell McConnell, et al.,<br><br>　　　　　Defendant. | 2:25-cv-01175-CDS-MDC<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1) AND DENYING MOTION TO RECUSE JUDGE (ECF NO. 7)** |

　　　　Pro se plaintiff Miguel Enrique Casillas filed an *Application to Proceed in Forma Pauperis* ("IFP") and a *Motion to Recuse Judge ("Motion")*. *ECF Nos. 1 and 7*. The Court DENIES plaintiff's IFP application without prejudice, with leave to refile. *ECF No. 1*. The Court also DENIES plaintiff's Motion. *ECF No. 7*.

I.　**PLAINTIFF'S IFP APPLICATION**

　　A. **Legal Standard**

　　　　Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

　　　　The applicant's affidavit must state the facts regarding the individual's poverty "with some

particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or his poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

  The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See *e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

### B. Analysis

Plaintiff filed the short form IFP application. *ECF No. 1*. Plaintiff states that he is on workman's comp, but he does not state how much money he has received in the last twelve-months. *Id.* Plaintiff states that he has $2,000 in savings, that he owns a car worth $16,000, and that he has over $1,000 in expenses per month. *Id.*

Plaintiff does not provide an explanation regarding how he pays his bills as he does not reveal how much money he received in the past twelve months. The Court finds that his IFP application is incomplete. The Court cannot determine if plaintiff qualifies for IFP status. The Court will allow plaintiff another opportunity to show that he qualifies for IFP status. Plaintiff must resubmit the long form application. Plaintiff must answer all questions on the long form with detailed explanations about his income and expenses. Plaintiff cannot leave any questions blank or respond that a question is "N/A" without an explanation. In response to question eleven on the long form, plaintiff must explain in detail why he cannot afford the filing fee, how much money he has received in the past twelve-months, and how much money he expects to receive in the future.

## II.    PLAINTIFF'S MOTION TO RECUSE JUDGE

### A. Legal Standard

There is a "presumption of honesty and integrity in those serving as adjudicators." *See Withrow v. Larkin,* 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975). "In the absence of any evidence of some extrajudicial source of bias or partiality, neither adverse rulings nor impatient remarks are generally sufficient to overcome the presumption of judicial integrity, even if those remarks are 'critical or disapproving of, or even hostile to, counsel, the parties, or their cases.'" *Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008) (quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)).

3

When such "personal bias or prejudice" is found, a party may file an affidavit that "states the facts and reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. "If the affidavit is legally sufficient…the judge at whom the motion is directed must refer the motion to another judge for a determination of its merits." *Marquez-Perez*, 2023 U.S. Dist. LEXIS 178921, at *6-7 (D. Nev. Oct. 3, 2023) (citing *United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980)). "Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter." *Id.* Under 28 U.S.C. § 455(a), "[f]ederal judges are required by statute to recuse themselves from any proceeding in which their impartiality might reasonably be questioned," even where no conflict of interest really exists. *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 714 (9th Cir. 1990).

"The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal citation omitted). "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality." *Id.* (citing *Liteky*, 510 U.S. at 555).

**B. Analysis**

Plaintiff's Motion is legally insufficient because he has failed to allege facts that would require recusal or disqualification. Plaintiff seeks recusal or disqualification because he does not agree with the undersigned's Standing Order (*ECF No. 7*), which addresses procedural matters. Disagreeing with a court's order is not a sufficient reason to warrant recusal or disqualification. *See Santos v. Annikos*, 2024 U.S. Dist. LEXIS 98550, at *5 (D. Nev. May 4, 2024) ("[T]he Court agrees with Judge Denney that Santos primarily argues Judge Denney is biased against him because Judge Denney made rulings unfavorable to him. The Court therefore does not find that Judge Denney clearly erred in denying

4

Santos' recusal motion."); *see also e.g., Liteky*, 510 U.S. at 555 ("[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."). Plaintiff's Motion does not require the undersigned to recuse or disqualify himself, and the undersigned declines to do so.

**IT IS SO ORDERED THAT:**

1. Plaintiff's *Application To Proceed In Forma Pauperis* (ECF No. 1) is DENIED without prejudice. By **September 15, 2025**, plaintiff shall either (1) file the long form application to proceed in forma pauperis as specified in the Court's order or (2) plaintiff must pay the full fee for filing a civil action.

2. Plaintiff's *Motion to Recuse Judge* (ECF No. 7) is DENIED.

3. Failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

DATED August 15, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues

waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**