# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Miguel Enrique Casillas, | 2:25-cv-01175-CDS-MDC |
| Plaintiff(s), | **ORDER** |
| vs. | |
| Regina Mitchell McConnell, et al., | |
| Defendant(s). | |

Plaintiff Miguel Enrique Casillas sent the Court the following email:

Hello, good rising to you, your Honor. My name is Miguel E. Casillas. As you may already know I'm representing myself, I have some questions in regards to the latest standing order that was mailed to me on November 25, 2025. In which after reading the order I noticed that the date in which it is so older has the date of August 8, 2024 I was wondering what is that date about? Being that I submitted this Case On July 1, 2025. I also, humbly request the opportunity to speak to you in regards to having a Pro bono attorney appointed to me in this case. Being that, The nature of my complaint is a very serious matter That will be exposing pedophiles with badges and robes. My intent was to file a criminal complaint and get it out of their jurisdiction so that I could have a fair trial with the jury. but, it seems like the (ENE) process of coming to a resolution is being exercised. When I initially submitted this complaint, I attempted to submit all of my evidence or partial evidence that I Have but, I was told I would have to wait for a judge to take my case. I suffered many injuries on June 16 2022 in which one of my injuries is that of having the left hemisphere of my brain still swollen till this day. In which makes it very difficult for me to focus and remember everything things. Add that, To My current financial situation and lack of expertise, I am humbly asking you, your Honor. To please consider my request. I thank you for your undivided attention in this Critical matter of mine that relates to saving my 5 children And exposing all the coverups That's allowing my children to continue being silenced with intimidation and violence by group of corrupt professionals, what they Legal advantage over me. Sin. Miguel Enrique Casillas Sr. Sent from my iPhone

The Court warns the plaintiff that this email is an attempt to make an inappropriate ex parte communication with the Court. Canon 3(A)(4)(b) of the Code of Conduct for United States Judges addresses ex parte communications:

(4) A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law. Except as set out below,

> a judge should not initiate, permit, or consider ex parte communications or consider other communication concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested.

Code of Conduct for United States Judges, Canon 3(A)(4)(b).

The plaintiff has not yet served any of the defendants. The Court places plaintiff's communication on the public docket to notify the parties, when they appear, about plaintiff's impermissible communication with the Court. The Court did not respond to plaintiff's email. Plaintiff may not communicate with the Court informally via email. Such communication is improper because it is "ex parte," which means the other side is not given notice of the communication. All communications or requests to the Court must be made formally by filing a motion and serving a copy of the motion on all parties. Plaintiff is directed to review the Federal Rules of Civil Procedure and comply with the federal rules going forward.

**IT IS ORDERED** that plaintiff is **CAUTIONED** to comply with the Federal Rules of Civil Procedure. Failure to do so may result in sanctions.

**IT IS SO ORDERED.**

Date: December 3, 2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified

time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**