**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Miguel Enrique Casillas, | 2:25-cv-01175-CDS-MDC |
| Plaintiff(s), | **ORDER** |
| vs. | |
| Regina Mitchell McConnell, et al., | |
| Defendant(s). | |

Pro se plaintiff filed a *Motion for Leave to Confer with the Court* (ECF No. 19) and a *Motion for Appointment of Counsel* (ECF No. 20). The Court **DENIES** both motions. The Court also again **CAUTIONS** plaintiff that pursuant to the Clerk of Court's February 2026 Notice (ECF No. 21), this case may be dismissed pursuant to FRCP 4(m) if plaintiff does not serve the defendants by March 26, 2026.

I.    **LEGAL STANDARD**

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* Per Local Rule 78-1, "[a]ll motions may be considered and decided with or without a hearing."

//

1

## II.   ANALYSIS

Plaintiff argues in his Motion for Leave to Confer with the Court, that this Court should hold a hearing and/or conference on his Motion for Appointment of Counsel. The Court denies plaintiff's request for a hearing/conference pursuant to Local Rule 78-1, because the Court finds that these motions can be decided without a hearing.  Plaintiff argues that exceptional circumstances apply because the legal issues are complex, will require testimony, evidence, and formal discovery that is difficult for a layperson to manage. *ECF No. 19*. While the Court has considered plaintiff's circumstances and is sympathetic to his arguments, such circumstances are common among pro-se litigants and do not meet the high, exceptional circumstances standard.  Plaintiff has also not served the defendants to trigger legal motions practice, formal discovery, or evidentiary issues which plaintiff cites as grounds for appointment of an attorney.  Without defendants having been served and appearing before this Court, the Court cannot determine whether plaintiff is likely to succeed on the merits, which is another factor the Court must consider in determining whether to appoint counsel. Plaintiff is also reminded that failure to serve the defendants may also result in dismissal of his case. *See ECF No. 21* (Notice of Intent to dismiss is proof of service is not filed by 03/26/26).   Based on a review of the record in this case, the Court does not find that plaintiff cannot adequately articulate his claims. The Court denies the Motion.

Plaintiff may find helpful information for self-represented litigants at the Court's website, https://www.nvd.uscourts.gov/self-help/representing-yourself-assistance/.

//

**IT IS ORDERED that:**

1.  Plaintiff's *Motion for Leave to Confer with the Court* (ECF No. 19) is **DENIED.**

2.  Plaintiff's *Motion for Appointment of Counsel* (ECF No. 20) is **DENIED.**

3.  Plaintiff is again **CAUTIONED** that pursuant to the Clerk of Court's Notice (ECF No. 21), this case may be dismissed pursuant to FRCP 4(m) if plaintiff does not serve the defendants by March 26, 2026.

DATED:    March 18, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## <u>NOTICE</u>

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, parties must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in sanctions.**