UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Miguel Enrique Casillas,

                    Plaintiff

v.

Regina Mitchell McConnell, et al.,

                    Defendants

Case No. 2:25-cv-01175-CDS-MDC

**Order Dismissing and Closing Case**

Miguel Casillas initiated this action on July 1, 2025, by filing an application to proceed *in forma pauperis* (IFP) and a complaint. ECF Nos. 1, 1-1. In August 2025, Casillas's IFP application was denied, and he was ordered to either complete the long-form application or pay the fee for filing a civil action. ECF No. 9. Casillas subsequently paid the filing fee, and his complaint was deemed filed on September 19, 2025, making proof of service due by December 18, 2025. ECF No. 14. That deadline passed without notice of service.

On February 24, 2026, the court notified Casillas that defendants Regina Mitchell McConnell, Josh, Steven Scott McSweeney, Melissa Sanchez, LVMPD, C.P.S. / DCFS, Steven Scott McSweeney II, Christopher Bolen, United States of America, Kattyn Maree McSweeney, and Dallas Diaz would be dismissed under Federal Rule of Civil Procedure 4(m) unless proof of service was filed with the clerk by March 26, 2026. ECF No. 21. That notice advised, "this action may be dismissed without prejudice . . . unless proof of service is filed with the clerk." *Id.* It further instructed that "[s]ervice on the party must have taken place prior to the expiration of the time limit set forth in Fed. R. Civ. P. 4(m), or good cause must be shown as to why such service was not made in that period." *Id.* "Failure to comply with this notice may result in dismissal of the action without prejudice as to said parties." *Id.* Then, on March 18, 2026, U.S. Magistrate Judge Maximiliano D. Couvillier III cautioned Casillas that "this case may be

dismissed pursuant to FRCP 4(m) if plaintiff does not serve the defendants by March 26, 2026." ECF No. 22 at 3. That deadline also passed without notice of service.

Rule 4(m) requires service of the summons and complaint to be completed within 90 days of the complaint's filing, and "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Rule 4(c)(1) further clarifies that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)." Fed. R. Civ. P. 4(c)(1).

Because Casillas failed to demonstrate service on the parties within the time limit set forth in Fed. R. Civ. P. 4(m) and has not shown good cause for that failure, IT IS ORDERED that this action is dismissed without prejudice. The Clerk of Court is kindly directed to close this case.

Dated:  April 6, 2026

_____
Cristina D. Silva
United States District Judge

2